

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

Patricia McLane
*Assistant United States Attorney*
*Patricia.McLane@usdoj.gov*

*36 S. Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*

October 22, 2025

The Honorable Julie R. Rubin
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

Re:    Sentencing in *United States v. Evan Strauss*
       <u>Criminal No. JRR-24-0023</u>

Dear Judge Rubin:

The Defendant, Evan Strauss, is scheduled for sentencing on November 6, 2025, at 10:00 a.m.   As explained below, a sentence of **no less than 40 months' imprisonment**, is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

The Government read a lengthy Statement of Facts from the Plea Agreement at the Rule 11 hearing about the damage caused by the Defendant.  The PreSentence Report ("PSR") reiterates the terrible acts the Defendant and his co-defendants set into motion with their coercive words. But a simple recitation of the facts does not capture how the victims of these crimes were impacted at the time, and how they are still affected to this day.  These are not victimless crimes; rather, these crimes done by "anonymous" defendants from the comfort of their homes who send words and ideas out into the world that disrupt and ruin lives of others; cause stress and fear to citizens and law enforcement; and spend limited government resources.  Some victims of the Defendant's crimes are speaking out and their impact statements are incorporated here.  *See* ECF 122.  The letters provide the Court a full picture of the consequences of the Defendant and his co-defendant's actions.

**I.    Sentencing Guidelines and Criminal History Calculation**

The Guidelines calculation set forth in the PSR is slightly higher than the Guidelines contemplated by the parties in the Plea Agreement.  ECF No. 112 at p. 5-6.  The parties did not include additional levels to Counts 3 – 6 for substantial disruption to government services pursuant to U.S.S.G. § 2A6.1(b)(4)(A), although as an academic matter the Government does not disagree. Similarly, the PSR adds four levels pursuant to the grouping rules; the parties' Plea Agreement only added three levels.  *See* PSR at ¶ 67; *see* ECF No. 112 at ¶ 6(c).  Again, the Government does not disagree with the PSR calculation, but the Government is bound by the Plea Agreement and

will advocate for a total offense level of 20. In addition, this total offense level is consistent with the Guidelines applied in the co-defendant's cases.[1]

The Government agrees with the Defendant's criminal history in the PSR. *Id.* at ¶ 78. Accordingly, with a total adjusted offense level of 20 and a criminal history category of III,[2] the advisory sentencing guidelines range is 41-51 months. The Government believes a sentence of no less than 40 months' incarceration is sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act. This sentence should run **consecutive** to the sentence the Defendant is currently serving in the District of Western Virginia because the instant matter involves separate and distinct victims who deserve their own justice.

## II.    Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

### a.    Nature, Circumstances, and Seriousness of the Offense

The Defendant was the leader of Purgatory, responsible for the criminal actions members of this group inflicted upon others. Specific to this case, he was directly involved in the activities of this co-defendants, and as a leader, bears more culpability.

The seriousness of these crime cannot be over emphasized. The Defendant and co-defendants' words and actions caused panic and fear over the course of a few months. People thought their lives were in danger; law enforcement thought people's lives were in danger; and despite the intent or reasoning behind the words, people *could* have been seriously injured or killed. Words matter and here, words set into motion serious consequences.

Further, the words were meant to inspire others to commit similar acts. These crimes do not happen in a vacuum. The purpose of committing these crimes is to target victims and coerce them into doing the same to avoid further victimization of themselves or to gain prestige and notoriety in the group. It is like a pyramid scheme of pain, stress, and havoc. And the nature of these crimes makes it very difficult for law enforcement assign attribution. The web sites used by the Defendant and his group are stealth in nature. Recovering evidence is time consuming and difficult, making it virtually impossible for the crimes to be uncovered and certainly impossible to thwart the crimes at inception.

---

[1] The Court made the following determination as to the co-defendant's Guidelines calculations. In Grace's case, the Court referenced Federal Criminal Procedure Rule 32 because the Agreement was pursuant Rule 11(c)(1)(C); for Jarboe's sentencing the Court accepted the argument regarding grouping and ultimately determined the total offense level to be 20. *See* Statement of Reasons.

[2] The Defendant is serving a sentence of 180 months in the Western District of Virginia for cyberstalking and child pornography convictions. These crimes were committed on-line and involved similar acts of swatting and harassment as to a minor female, but the Government does not believe they are related for purposes of the Guidelines.

### b. History and Characteristics of the Offender

The Defendant may not have an ideal life but compared to the co-defendants and some of his victims, the Defendant has the benefit of a loving family. It is unclear beyond some mental health struggles why the Defendant committed the instant crimes. The Defendant has people in his life who are good role models that he can lean on upon release. Hopefully he will do so. A sentence of no less than 40 months' imprisonment consecutive to his District of Western Virginia sentence will afford the Defendant the opportunity to receive both treatment and continue his relationship with his family.

### c. Deterrence and Public Protection

The Government believes the recommended sentence is necessary to protect the public and adequately deter the Defendant from further criminal conduct. And a consecutive sentence recognizes the pain and suffering of the victims in this matter.

First, the public will be protected from further crimes of the Defendant who will be removed from the community for at least three years. The Government anticipates the Defendant's access to the websites and technology he used to commit these crimes would be banned, limited, or at least and monitored while incarcerated. Further restrictions on his use of technology should be in place while on supervised release to provide additional protection to the public.

Second, the sentence will serve to deter the Defendant once released from incarceration. Expecting the Defendant to never use technology is not realistic given his age and the prevalence of it in our society. But the threat of future incarceration will hopefully make the Defendant circumspect.

Finally, the Court previously sentenced the Defendant's two co-defendants, both of whom had no criminal history and were not facing charges in a separate jurisdiction. The Government recommended a sentence of no less than 40 months for both co-defendants based on their culpability. The Court sentenced Brayden Grace to 35 month's imprisonment. Owen Jarboe received 30 months' sentence because the Court found extreme mitigation. The recommended sentence may not seem harsher than the co-defendants because it is the same sentence. However, the Government adjusted their recommendation in light of the Court's rulings in the other matters. The Government believes Mr. Strauss deserves more time than either Mr. Grace or Mr. Jarboe for three reasons. First, Mr. Strauss is the leader of Purgatory; second, his criminal history includes direct victimization of a minor female; third, his lack of severe family trauma and addiction issues, and his minor mental health issues in comparison to the co-defendants.

## III. Conclusion

Based on the foregoing, the United States respectfully submits that a consecutive sentence of no less than 40 months' imprisonment is fair, reasonable, and not greater than necessary.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

/s/
_____

Robert Goldaris
Patricia McLane
Assistant United States Attorneys